IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00006-MSK-MJW

NATIONAL CITY BANK OF PENNSYLVANIA,

      Plaintiff,

v.

HAROLD W. ALLEN,

      Defendant.

_____

**ORDER REMANDING ACTION**
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Defendant *pro se* is the defendant in a foreclosure lawsuit, brought by the Plaintiff in the Colorado County Court for Adams County.  On January 3, 2007, the Defendant filed a Notice of Removal **(# 1)**, removing the case to this Court on the grounds that the action involved assets that were subject to a bankruptcy proceeding, and thus, removable to this Court pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1452.  Despite the command of 28 U.S.C. § 1446(a), which requires that the Notice of Removal be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action, the Defendant's Notice of Removal did not attach any copies of the proceedings in state court, nor has the Defendant filed the state court record at any point to date.  Moreover, the Defendant's Notice of Removal does not allege the date upon which he was served with process in the action, thereby failing to demonstrate that his attempted removal is timely under 28 U.S.C. § 1446(b).

The Court is mindful of the Defendant's *pro se* status, and, consequently, construes his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Defendant's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Defendant of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court treats the Defendant according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Congress has chosen to limit the scope of jurisdiction of the federal District Courts, and thus, there is a presumption against permitting these courts to exercise jurisdiction as the result of removal of cases from state court. *Cellport Systems, Inc. v. Peiker Acustic GMBH*, 335 F.Supp.2d 1131, 1133 (D. Colo. 2004), *citing Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). As a result, the Court is required to strictly construe the removal statute, 28 U.S.C. § 1446. *Id.*, *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Although the failure to file the state court record is not always a defect implicating the Court's ability to exercise removal jurisdiction, *see e.g. Boxdorfer v. DaimlerChrysler Corp.*, 396 F.Supp.2d 946, 950-51 (C.D. Ill. 2005) (failure to attach entire state court record is harmless error so long as removing party attaches sufficient documentation to demonstrate the sufficiency of its allegations of subject matter jurisdiction), here, the Defendant has attached no documents whatsoever from the state court proceeding. In doing so, he has failed to adequately demonstrate that the claims asserted against him indeed fall within the scope of the bankruptcy proceeding such that removal pursuant to 28 U.S.C. § 1334 and 1452 is appropriate. Moreover, his failure to

demonstrate, on the face of the Notice of Removal that his purported removal was timely constitutes an independent defect warranting remand.  *See e.g. Cook v. Robinson*, 612 F.Supp. 187, 190 (D. Va. 1985).

Accordingly, pursuant to 28 U.S.C. § 1447(c), the case is **REMANDED** to the Colorado County Court for Adams County.  The Clerk of the Court is directed to transmit the case file in this case to the Clerk of the Colorado County Court for Adams County and to close this case.

Dated this 18th day of May, 2007

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge